UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:

ROLANDO SEGURA VEGAS
and other similarly situated individuals,

    Plaintiff(s),

v.

TIKI BAR LIGHTHOUSE, INC.
and THOMAS F. KOLAR, individually

    Defendants,
_____/

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(b))**

COMES NOW the Plaintiff ROLANDO SEGURA VEGAS, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants TIKI BAR LIGHTHOUSE, INC., and THOMAS F. KOLAR, individually, and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for retaliation and unpaid overtime wages under the laws of the United States.  This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff ROLANDO SEGURA VEGAS is a covered employee for purposes of the Act. The Plaintiff is a resident of Lee County, Florida, within the jurisdiction of this Honorable Court.  The Plaintiff is a covered employee for purposes of the Act.

3. Defendant TIKI BAR LIGHTHOUSE, INC. (hereinafter TIKI BAR LIGHTHOUSE, or Defendant) is a Florida corporation, having a place of business in Lee County, Florida, where Plaintiff worked. The defendant was engaged in interstate commerce.

4. The individual Defendant THOMAS F. KOLAR was is now, the owner/partner/officer and operator of Defendant Corporation TIKI BAR LIGHTHOUSE. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Lee County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff ROLANDO SEGURA VEGAS as a collective action to recover from the Defendants overtime compensation, retaliatory damages, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after July 2017, (the "material time") without being properly compensated.

7. Defendant TIKI BAR LIGHTHOUSE is a Polynesian-themed bar and restaurant located at 1051 Fifth ST., Fort Myers Beach, Florida 33931, where the Plaintiff worked.

8. Defendants TIKI BAR LIGHTHOUSE and THOMAS F. KOLAR employed Plaintiff ROLANDO SEGURA VEGAS approximately from June 2012 to June 27, 2020, or almost 8 years. However, for FLSA purposes, Plaintiff's relevant period of employment is 155 weeks.

9. The Plaintiff was employed as a non-exempted full-time, hourly, restaurant employee. The Plaintiff had duties as a cook, prep cook, dishwasher, and cleaning person. The Plaintiff

was paid at the rate of $16.00 an hour. The Plaintiff's overtime rate should be $24.00 an hour.

10. During his time of employment with Defendants, Plaintiff had a very regular schedule, Plaintiff worked 6 days per week. Usually, Plaintiff had Thursdays off, but he worked on Mondays, Tuesdays, and Wednesdays from 7:00 AM to 4:00 PM (9 hours each day); on Fridays from 8:00 AM to 4:00 PM (8 hours); on Saturdays from 7:00 AM to 3:00 PM (8 hours); and on Sundays, Plaintiff worked from 7:00 AM to 8:00 PM (13 hours).  The Plaintiff completed 56 working hours every week.  The Plaintiff was unable to take bonafide lunch periods.

11. Moreover, every day Plaintiff punched-out at the end of his shift, but he had to wait at least 30 minutes for the next kitchen staff to arrive.  While waiting, the Plaintiff continued working.  These additional 30 minutes represented 3 unpaid off-the-clock hours every week.  Thus, every week, Plaintiff worked a total of 59 hours.

12. The Plaintiff always worked more than 40 hours in a week, and he was paid for 40 regular hours plus some overtime hours at half-time his regular rate, or $8.00 an hour. The remaining overtime hours were not paid at any rate, not even the minimum wage rate, as required by the FLSA all his hours, but at his regular wage-rate.  He was not paid for overtime hours.

13. On or about March 15, 2020, the Coronavirus quarantine began, and TIKI BAR LIGHTHOUSE closed, but Plaintiff continued working for Defendants making repairing/maintenance, painting, and remodeling work in the TIKI BAR LIGHTHOUSE facilities. Plaintiff continued working a minimum of 59 hours per week.

14. The Plaintiff clocked in and out, and the Defendants were able to keep track of the hours worked by the Plaintiff and other similarly situated individuals.

15. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

16. The Plaintiff was paid weekly with checks and paystubs that did not show the real number of overtime hours worked.

17. Plaintiff did not agree with the number of overtime hours paid to him, and he complained many times to his Manager, Madeline Iannelli.

18. Plaintiff complained and requested to be paid for overtime hours on or about June 27, 2020.

19. As a result, Plaintiff was fired by the Defendants the same day June 27, 2020.

20. Plaintiff is not in possession of time and payment records and he has not deducted the overtime hours paid at the incorrect rate, but he will provide a good faith estimate of unpaid overtime hours based on his recollections. After discovery, the Plaintiff will adjust his statement of claim accordingly.

21. Plaintiff ROLANDO SEGURA VEGAS seeks to recover overtime wages for every hour over 40 that he worked, retaliatory damages, liquidated damages, and any other relief as allowable by law.

22. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked over forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS

23. Plaintiff ROLANDO SEGURA VEGAS re-adopts every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

24. This cause of action is brought by Plaintiff ROLANDO SEGURA VEGAS as a collective action to recover from the Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after July 2017, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

25. The Defendant TIKI BAR LIGHTHOUSE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a retail business operating as a bar/restaurant and is engaged in interstate commerce. The Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently ordering restaurant supplies produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

26. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities were regularly engaged in interstate commerce. The Plaintiff regularly handled and worked on goods and materials that were produced for commerce and were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

27. Defendants TIKI BAR LIGHTHOUSE and THOMAS F. KOLAR employed Plaintiff ROLANDO SEGURA VEGAS approximately from June 2012 to June 27, 2020, or almost 8 years. However, for FLSA purposes, Plaintiff's relevant period of employment is 155 weeks.

28. The Plaintiff was employed as a non-exempted full-time, hourly, restaurant employee. The Plaintiff had duties as a cook, prep cook, dishwasher, and cleaning person. The Plaintiff was paid at the rate of $16.00 an hour. The Plaintiff's overtime rate should be $24.00 an hour.

29. During his time of employment with Defendants, Plaintiff had a very regular schedule, Plaintiff worked 6 days per week, an average of 56 working hours every week. The Plaintiff was unable to take bonafide lunch periods.

30. Moreover, every day Plaintiff punched-out at the end of his shift, but he had to wait at least 30 minutes for the next kitchen staff to arrive. While waiting, the Plaintiff continued working. This additional 30 minutes represented 6 unpaid off-the-clock hours every week. Thus, every week, Plaintiff worked a total of 59 hours.

31. The Plaintiff always worked more than 40 hours in a week, and he was paid for 40 regular hours plus some overtime hours at half-time his regular rate, or $8.00 an hour. The remaining overtime hours were not paid at any rate, not even the minimum wage rate, as

required by the FLSA all his hours, but at his regular wage-rate. He was not paid for overtime hours.

32. On or about March 15, 2020, the Coronavirus quarantine began, and TIKI BAR LIGHTHOUSE closed, but Plaintiff continued working for Defendants making repairing/maintenance, painting, and remodeling work in the TIKI BAR LIGHTHOUSE facilities. Plaintiff continued working a minimum of 59 hours per week.

33. The Plaintiff clocked in and out, and the Defendants were able to keep track of the hours worked by the Plaintiff and other similarly situated individuals.

34. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

35. The Plaintiff was paid weekly with checks and paystubs that did not show the real number of overtime hours worked.

36. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of the Defendants. However, upon information and belief, Defendants did not maintain time accurate records of hours worked by Plaintiff and other employees.

37. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

38. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid overtime wages is as follows:

\* Please note that these amounts are based on preliminary calculations. Plaintiff has not deducted the O/T hours paid at the incorrect rate. Thus, these figures would be subject to modifications after discovery.

a. <u>Total amount of alleged unpaid O/T wages</u>:

Seventy Thousand Six Hundred Eighty Dollars and 00/100 ($70,680.00)

b. <u>Calculation of such wages</u>:

Relevant weeks of employment: 155 weeks
Total number of relevant weeks: 155 weeks
Total hours worked: 59 hours weekly
Total overtime hours: 19 hours
Regular rate: $16.00 an hour x 1.5=$24.00
O/T rate: 24.00 an hour

O/T rate $24.00 x 19 O/T hours= $456.00 weekly x 155 weeks=$70,680.00

c. <u>Nature of wages (e.g. overtime or straight time)</u>:

This amount represents unpaid half-time overtime wages.

39. At all times, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

40. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

41. At the times mentioned, the individual Defendant THOMAS F. KOLAR was the owner/manager of TIKI BAR LIGHTHOUSE. Defendant THOMAS F. KOLAR was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of TIKI BAR LIGHTHOUSE concerning its employees, including Plaintiff and others similarly situated. Defendant THOMAS F. KOLAR had absolute financial and operational control of the Corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

42. Defendants TIKI BAR LIGHTHOUSE and THOMAS F. KOLAR willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

43. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ROLANDO SEGURA VEGAS and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff ROLANDO SEGURA VEGAS and other similarly situated individuals and against the Defendants TIKI BAR LIGHTHOUSE and THOMAS F. KOLAR based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

- B. Award Plaintiff ROLANDO SEGURA VEGAS actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

- C. Award Plaintiff an equal amount in double damages/liquidated damages; and

- D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

- E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff ROLANDO SEGURA VEGAS demands trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

44. Plaintiff ROLANDO SEGURA VEGAS re-adopts every factual allegation as stated in paragraphs 1-22 of this complaint as if set out in full herein.

45. The employer TIKI BAR LIGHTHOUSE was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a retail company performing as a bar/restaurant. The Defendant has more than two employees directly and recurrently engaged in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is enterprise coverage.

46. The Plaintiff was employed by an enterprise engaged in interstate commerce. The Plaintiff and other employees similarly situated handled and worked on goods and materials and

materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

47. Defendant TIKI BAR LIGHTHOUSE was and is subjected to the provisions of the Fair Labor Standards Act (FLSA).

48. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

49. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

50. Defendants TIKI BAR LIGHTHOUSE and THOMAS F. KOLAR employed Plaintiff ROLANDO SEGURA VEGAS approximately from June 2012 to June 27, 2020, or almost 8 years. However, for FLSA purposes, Plaintiff's relevant period of employment is 155 weeks.

51. The Plaintiff was employed as a non-exempted full-time, hourly, restaurant employee. The Plaintiff had duties as a cook, prep cook, dishwasher, and cleaning person. The Plaintiff was paid at the rate of $16.00 an hour. The Plaintiff's overtime rate should be $24.00 an hour.

52. During his time of employment with Defendants, Plaintiff had a very regular schedule, Plaintiff worked 6 days per week an average of 56 hours weekly. The Plaintiff was unable to take bonafide lunch periods.

53. Moreover, every day Plaintiff punched-out at the end of his shift, but he had to wait at least 30 minutes for the next kitchen staff to arrive. Plaintiff continued working. This additional 30 minutes represented 6 unpaid off-the-clock hours every week. Thus, every week, Plaintiff worked a total of 59 hours.

54. The Plaintiff always worked more than 40 hours in a week, and he was paid for 40 regular hours plus some overtime hours at half-time his regular rate, or $8.00 an hour. The remaining overtime hours were not paid at any rate, not even the minimum wage rate, as required by the FLSA all his hours, but at his regular wage-rate. He was not paid for overtime hours.

55. The Plaintiff clocked in and out, and the Defendants were able to keep track of the hours worked by the Plaintiff and other similarly situated individuals.

56. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

57. The Plaintiff was paid weekly with checks and paystubs that did not show the real number of overtime hours worked.

58. Plaintiff did not agree with the number of overtime hours paid to him, and he complained many times to his Manager, Madeline Iannelli.

59. These complaints constituted protected activity under the Fair Labor Standards Act.

60. Plaintiff complained and requested to be paid for overtime hours on or about June 27, 2020, for the last time.

61. This complaint constituted protected activity under the Fair Labor Standards Act.

62. As a result, Plaintiff was fired by the Defendants the same day June 27, 2020.

63. At all times during his employment with Defendants, Plaintiff performed his duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

64. There is close proximity between the Plaintiff's protected activity and the date of his termination.

65. At the times mentioned, the individual Defendant THOMAS F. KOLAR was the owner/manager of TIKI BAR LIGHTHOUSE. Defendant THOMAS F. KOLAR was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of TIKI BAR LIGHTHOUSE concerning its employees, including Plaintiff and others similarly situated. Defendant THOMAS F. KOLAR had absolute financial and operational control of the Corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

66. Defendants TIKI BAR LIGHTHOUSE and THOMAS F. KOLAR willfully and intentionally refused to pay Plaintiff overtime wages as required by the FLSA, and then retaliated against Plaintiff by firing him.

67. The motivating factor which caused the Plaintiff's termination as described above was the complaint seeking overtime wages from the Defendants. In other words, the Plaintiff would not have been discharged but for his complaint about overtime wages.

68. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, the Plaintiff has been damaged.

69. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ROLANDO SEGURA VEGAS respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants TIKI BAR LIGHTHOUSE, and THOMAS F. KOLAR that Plaintiff ROLANDO SEGURA VEGAS recovers compensatory, damages, and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff ROLANDO SEGURA VEGAS further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff ROLANDO SEGURA VEGAS demands trial by a jury of all issues triable as of right by a jury.

Dated:  July 17, 2020

Respectfully submitted,

By: __/s/ Zandro E. Palma____

        ZANDRO E. PALMA, P.A.
        Florida Bar No.: 0024031
        9100 S. Dadeland Blvd.
        Suite 1500
        Miami, FL 33156
        Telephone: (305) 446-1500
        Facsimile:　(305) 446-1502
        zep@thepalmalawgroup.com
        *Attorney for Plaintiff*