UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROLANDO SEGURA VEGAS,

        Plaintiff,

v.                                    Case No:  2:20-cv-508-JLB-NPM

TIKI BAR LIGHTHOUSE, INC. and
THOMAS F. KOLAR,

        Defendants.

## <u>ORDER</u>

    The parties in this case move for Court approval of their Fair Labor Standards Act ("FLSA") Settlement Agreement (Docs. 23-1, 23-2)[1] and ask that the Court dismiss this case with prejudice (Doc. 23 at 1).   After careful review of the parties' filings, the record, and the applicable legal standards, the Court finds that the Settlement Agreement is a "fair and reasonable resolution of a bona fide dispute."   <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1354–55 (11th Cir. 1982).

    Under the Settlement Agreement, Plaintiff will receive: (1) $4,900 in unpaid wages; (2) $5,000 in liquidated damages; and (3) $100 for a general release of liability.   (Docs. 23-1 ¶ 4.)[2]   While Plaintiff initially claimed a much higher

---

[1] The parties executed the Settlement Agreement in separate counterparts.

[2] Under 29 U.S.C. § 216(b), liquidated damages must be equal to the amount of unpaid wages.   That the liquidated damages here are <u>greater</u>, does not render the settlement unreasonable.

amount in his answers to the Court's Interrogatories (see Doc. 18), the parties explain this discrepancy.   "[D]etailed time record and detailed wage records for the entire period in question," along with other evidence produced during discovery, disputed Plaintiff's claimed damages.   (Doc. 23 at 2.)   The parties therefore "believe that the amounts agreed to in the Settlement Agreement" are a fair and reasonable compromise of Plaintiff's claims.   (Id.)   And Plaintiff's attorney's fees of $7,500 were "agreed upon separately" from the amount paid to Plaintiff.   (Id. at 3.)

Turning next to the nonmonetary provisions, the Settlement Agreement contains traditionally disfavored concessions beyond Plaintiff's FLSA claims such as a general release and a confidentiality provision.   (Doc. 23-1 ¶¶ 2(A), (E).) Nevertheless, the release is mutual (id. ¶ 6) and Plaintiff received separate consideration for his release (id. ¶ 4(c).)   See, e.g., Rosado v. Superior Aircraft Servs., Inc., No. 6:13-cv-1727-Orl-28KRS, 2014 WL 12873212, at *3–4 (M.D. Fla. June 9, 2014), adopted, 2014 WL 5280539 (M.D. Fla. June 12, 2014) (approving FLSA settlement provision containing mutual release of liability); Middleton v. Sonic Brands L.L.C., No. 6:13-cv-386-Orl-18, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (finding $100 represented adequate consideration for release of claims not asserted in the FLSA complaint).

Lastly, this case—along with the Settlement Agreement containing the confidentiality provision—is a matter of public record as the parties did not file it under seal.   The Court therefore finds that any concern over the confidentiality provision frustrating the FLSA's public purpose, see, e.g., Dees v. Hydradry, Inc.,

706 F. Supp. 2d 1227, at 1242–43 (M.D. Fla. 2010), is moot considering the public nature of the Settlement Agreement.   Carrasquillo v. Millennium Lawn & Landscape, Inc., No. 8:19-cv-526-T-36CPT, 2019 WL 3490067, at *3–4 (M.D. Fla. July 25, 2019), adopted, 2019 WL 3457806 (M.D. Fla. July 31, 2019) (collecting cases and finding confidentiality provision did not negate the fairness or reasonableness of the parties' FLSA settlement agreement because it was a matter of public record).

Accordingly, it is **ORDERED**:

1.     The Joint Motion to Approve Settlement Agreement and Dismiss with Prejudice (Doc. 23) is **GRANTED**.

2.     This case is **DISMISSED WITH PREJUDICE**.   The Clerk is **DIRECTED** to terminate any pending deadlines and close the file.

**ORDERED** at Fort Myers, Florida, on April 29, 2021.

**JOHN L. BADALAMENTI**
UNITED STATES DISTRICT JUDGE